UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JERRY HOOKS,

Plaintiff,

v.

NEVADA and CLARK COUNTY, et al.

Defendants.

Case No. 2:26-cv-01870-CDS-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Mandamus Affidavit. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted below. The Court recommends Plaintiff's Mandamus Affidavit be dismissed, in part, with prejudice. The Court grants Plaintiff one opportunity to file a complaint against Clark County on the Court's form.

**I.    Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation

1

of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Under the Due Process Clause of the Fourteenth Amendment, "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1. This clause guarantees the government provide procedural due process when it dispossesses an individual of a liberty or property interest. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). To state a claim for procedural due process, a plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The amount of process required varies depending on the circumstances; however, courts generally rely on the following factors: the private interest that will be impacted by the government's actions; the risk of an erroneous deprivation and the probable value of additional or substitute procedural safeguards; and the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

## II.    Discussion

Plaintiff's initiating document, a Mandamus Affidavit, fails to comply with LSR 2-1 requiring the use of the Court's form to initiate a complaint.[1]  For this reason alone, Plaintiff's initiating document cannot commence a  civil case in this Court.[2]

Plaintiff appears to name the State of Nevada and Clark County's Eighth Judicial District Court as Defendants.  ECF No. 1 at 1.  However, Plaintiff can raise no 42 U.S.C. § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section 1983); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).  Therefore, claims against the State of Nevada fail as a matter of law and are properly dismissed with prejudice.

The Eighth Judicial District Court, and all state courts in Nevada, are arms of the State.  "Nevada has eleven judicial districts making up the state's general jurisdiction courts.  These district courts serve Nevada's 17 counties.  The 11 [j]udicial [d]istricts are served by approximately 82 District Court judges who … [preside] in their elected counties but have jurisdiction to serve in any district court in the state"; and "the court serves as the trial court for Nevada and is part of the judicial branch of state government as set forth by the Nevada Constitution."  http://www.clarkcountycourts.us/general.  As an arm of the State of Nevada, the Eighth Judicial District Court is immune from suit under 42 U.S.C. § 1983.  *Foley v. Graham*, Case No. 2:16-cv-1871-JAD-VCF, 2016 WL 11185427, at *3 (D. Nev. Sept. 13, 2016).  For this reason, the Court recommends dismissing with prejudice all claims alleged against the Eighth Judicial District Court.

---

[1]    LSR (Local Special Rule) 2-1 states: "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."

[2]    *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal").

To the extent Plaintiff seeks to file a claim against Clark County, he fails to do so under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658 (1978).  Under *Monell*, municipalities such as Clark County are only liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Mandamus Affidavit (which is largely incomprehensible).  A plaintiff asserting a constitutional claim against a municipality like Clark County under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).  Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories.  *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam).  A Clark County may be held liable when it acts "pursuant to an expressly adopted official policy."  *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).  Alternatively, Clark County may be held liable for a "longstanding practice or custom" that violates a constitutional right.  *Thomas*, 763 F.3d at 1170 (citation omitted).  Finally, the County may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff's Mandamus Affidavit fails to state a coherent claim against Clark County and, for this reason, claims asserted against this Defendant are dismissed without prejudice and *one* opportunity to amend.

**III.    Recommendations**

IT IS HEREBY RECOMMENDED that all claims asserted by Plaintiff against the State of Nevada and the Eighth Judicial District Court be dismissed with prejudice as these entities are immune from suit.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Mandamus Affidavit (ECF No. 1-1) must be filed on the docket.

IT IS FURTHER ORDERED that to the extent Plaintiff's Mandamus Affidavit is intended to be a complaint, and that complaint seeks to state a claim against Clark County, the Affidavit is dismissed without prejudice and with *one* opportunity to amend.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff the Court's form civil rights complaint and instructions for filing the same.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a complaint against Clark County he must do so no later than **August 7, 2026**.  The complaint must include factual allegations sufficient to state a claim against Clark County under the *Monell* standard stated above.  Plaintiff's allegations must be coherent, short, and plainly stated so that the Defendant may understand what is alleged and respond to the complaint.

IT IS FURTHER ORDERED that failure to comply with the substance of this Order will result in a recommendation that this matter be dismissed with prejudice.

Dated this 7th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).