UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jerry Hooks,<br>Plaintiff<br>v.<br>Nevada and Clark County,<br>Defendants | Case No. 2:26-cv-01870-CDS-EJY<br>**Order Accepting the Magistrate Judge's Report and Recommendation**<br>[ECF No. 3] |

Pro se plaintiff Jerry Hooks filed a mandamus affidavit seemingly naming the State of Nevada and the Eighth Judicial District Court as "respondents." ECF No. 4. Upon screening, U.S. Magistrate Judge Elayna J. Youchah determined that Hooks's initiating document cannot commence a civil case in this court. Order, ECF No. 3. However, she granted Hooks one opportunity to file a complaint against Clark County using the court's approved form. *Id.* at 5. The order included a recommendation that I dismiss with prejudice all claims asserted by Hooks against the State of Nevada and the Eighth Judicial District Court as these entities are immune from suit. *Id.* at 4. Judge Youchah reasoned that Eleventh Amendment sovereign immunity bars civil rights claims against the state. *Id.* at 3 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989)). The magistrate judge further explained that "[a]s an arm of the State of Nevada, the Eighth Judicial District Court is immune from suit under 42 U.S.C. § 1983." *Id.* (citing *Foley v. Graham*, 2016 WL 11185427, at *3 (D. Nev. Sep. 13, 2016)).

Hooks had until July 21, 2026, to file any objections to the magistrate judge's findings and recommendation. *Id.* at 6 (citing LR IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). However, Hooks neither objected nor requested more time to do so.

Although de novo review is not required,[1] I nonetheless made an independent review here and agree with Judge Youchah's findings and recommendation. Plaintiffs generally cannot pursue § 1983 claims or state law claims against the State of Nevada in federal court because states are not "persons" for § 1983 purposes and the State of Nevada has not waived its Eleventh Amendment sovereign immunity. *See, e.g., Will*, 491 U.S. at 65; *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); Nev. Rev. Stat. § 41.031(3); *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims"). The Eighth Judicial District Court is an agency of the State of Nevada so it, too, is immune from suit in federal court under the Eleventh Amendment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Indeed, the Ninth Circuit has held that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Brooks*, 951 F.2d at 1053. Thus, I agree that dismissal with prejudice is appropriate. Accordingly, I adopt the magistrate judge's findings and accept the report and recommendation in full.

## Conclusion

It is ordered that the magistrate judge's report and recommendation **[ECF No. 3] is accepted and adopted in its entirety.** Hooks's claims against the State of Nevada and the Eighth Judicial District Court are dismissed with prejudice.

---

[1] "No review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

As ordered by the magistrate judge, Hooks has until August 7, 2026, to file a complaint against Clark County. The complaint must include factual allegations sufficient to state a claim against Clark County under the *Monell* standard. Hooks's allegations must be coherent, short, and plainly stated so that the defendant may understand what is alleged and respond to the complaint.

Dated: August 3, 2026

_________________________________
Cristina D. Silva
United States District Judge