UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jerry Hooks,<br>Plaintiff<br>v.<br>Eighth Judicial District Court, et al.,<br>Defendants | Case No. 2:26-cv-01870-CDS-EJY<br>**Order Accepting Magistrate Judge's Report and Recommendation**<br>[ECF No. 8] |

Pro se plaintiff Jerry Hooks commenced this civil rights action against the Eighth Judicial District Court of Clark County and the State of Nevada in June 2026. ECF No. 1-1. Upon screening, U.S. Magistrate Judge Elayna J. Youchah construed Hooks's "mandamus affidavit" as a complaint and dismissed it without prejudice and with one opportunity to amend. ECF No. 3. Hooks had until August 7, 2026, to file a short, cogent complaint asserting factual allegations sufficient to state a *Monell* claim against Clark County. *Id.* at 4. The deadline passed without Hooks filing an amended complaint. Judge Youchah then issued a report and recommendation (R&R) to dismiss this action without prejudice because Hooks failed to comply with the court-ordered deadline to amend. R&R, ECF No. 8.

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2(a), Hooks had until August 26, 2026, to file any objections to the R&R. *Id.* at 2 (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days). Hooks has neither objected to the R&R nor requested more time to do so. And "[n]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless made an independent review of the record to determine whether to adopt the R&R. The record demonstrates that Hooks failed to amend by the court-ordered deadline. Moreover, Hooks's mail was returned as undeliverable on three occasions (ECF Nos. 5, 9, 10), and Hooks still has not updated his address as required by the local rules.

**I. Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Hooks's claims. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). However, courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

This action cannot proceed without an operative complaint. Nor can this litigation move forward without the plaintiff's participation. However, without Hooks's current address, other alternatives are bound to be futile. The court does not have an obligation to locate Hooks when "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1440. There are no alternative sanctions other than dismissal when the court cannot contact Hooks to communicate the alternatives. I therefore adopt the magistrate judge's findings and accept the R&R in full.

**II. Conclusion**

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 8] is accepted and adopted in its entirety**. This case is dismissed without prejudice.

The Clerk of Court is kindly directed to close this case.

Dated: September 10, 2026

_______________________________
Cristina D. Silva
United States District Judge